UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

SOHYUN KWAK,
Plaintiff,
v.
FRANK BISIGNANO,
Commissioner of Social Security,
Defendant.

Case No.: 26-cv-3255-RSH-SBC

**ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

[ECF No. 16]

On May 27, 2026, Plaintiff initiated this social security action. ECF No. 1. On October 19, 2026, the Court granted the Parties' joint motion to remand the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Before the Court is the Parties' "Joint Motion for the Award and Payment of Equal Access to Justice Act ("EAJA") Fees and Expenses" ("Joint Motion"). ECF No. 16.

Under the EAJA, "a litigant is entitled to attorney's fees and costs if: (1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. INS*, 429 F.3d 894, 898 (9th Cir. 2005). "It is the government's burden to show that its position was substantially justified." *Meier v. Colvin*,

727 F.3d 867, 870 (9th Cir. 2013). Under 28 U.S.C. § 2412(d)(1)(B), "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award."

Here, Plaintiff is a prevailing party. *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) ("A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees."). The joint motion is also timely under 28 U.S.C. § 2412(d)(1)(B). The Parties filed the instant joint motion on November 9, 2026, twenty-one days after entry of judgment on October 19, 2026. ECF Nos. 15, 16.

The Government joins in Plaintiff's request and does not contend that its position was substantially justified or that special circumstances would make an award unjust. *See* ECF No. 16. The Court therefore finds no basis to deny an award on these grounds. *See Gregory P. v. Bisignano*, No. 3:26-CV-1522-SBC, 2026 WL 2893364, at *2 (S.D. Cal. Sept. 25, 2026) ("By not arguing a position and agreeing to the Joint Motion, Defendant effectively concedes that the Government's litigation position had no reasonable basis in law or fact, and that there are no special circumstances that would make the award of attorney fees here unjust."); *Black v. Berryhill*, No. 18CV1673 JM (LL), 2019 WL 2436393, at *1 (S.D. Cal. June 11, 2019) ("[I]n light of the joint nature of the parties' request and the court's prior order remanding this action, the government has not shown that its position was substantially justified.").

As to the reasonableness of the requested award, Plaintiff's counsel submits an itemization that reflects 34.05 hours of attorney time at an hourly rate of $258.46, 2.9 hours of legal assistant time at an hourly rate of $125.00, and 0.5 hours of paralegal time at an hourly rate of $195.00, for a total of $9,260.56. ECF No. 16-1 at 1–2. The Parties have agreed to a reduced award of $9,000.00. ECF No. 16. Having reviewed the itemization and the rates requested, the Court finds the agreed award reasonable. *See Black*, 2019 WL 2436393, at *1 (approving paralegal rate of $130 and counsel hourly rate of $201.60 with reduction of lodestar from $3,193.56 to $3,000)*; Stearns v. Colvin*, No. 3:14-CV-05611

JRC, 2016 WL 730301, at *5 (W.D. Wash. Feb. 24, 2016) ("[I]t is not uncommon for the Court to receive a fee petition totaling 18-40 hours for an entire social security case.") (collecting cases); *see also* United States Court of Appeals for the Ninth Circuit, *Statutory Maximum Rates*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited November 10, 2026).

For these reasons, the Court **GRANTS** the Parties' joint motion as follows:

1. Plaintiff is awarded $9,000.00 in attorney's fees and expenses pursuant to 28 U.S.C. § 2412(d), subject to the terms of the Joint Motion. No costs are awarded under 28 U.S.C. § 1920.

2. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), the award is payable to Plaintiff and is subject to any offset authorized under the Department of the Treasury's Offset Program. If the Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government shall pay the fees and expenses directly to Plaintiff's attorney, Francesco Benavides, pursuant to the assignment executed by Plaintiff and the terms of the Joint Motion.

3. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff, Plaintiff's counsel, or counsel's firm may have relating to EAJA attorney's fees in connection with this action.

4. This award is without prejudice to the rights of Plaintiff's counsel and counsel's firm to seek attorney's fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

**IT IS SO ORDERED.**

Dated: November 10, 2026

Hon. Robert S. Huie
United States District Judge